UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHERI A. CERINI, an individual,<br><br>Plaintiff,<br>v.<br><br>STATE OF NEVADA, ex rel. its DEPARTMENT OF TRANSPORTATION, *et al.*,<br><br>Defendants. | Case No. 3:16-cv-00559-MMD-VPC<br><br>ORDER |

Plaintiff initiated this action on September 26, 2016. (ECF No. 1.) On February 21, 2017, the Court issued a notice of intent to dismiss under Rule 4(m) ("Notice") because no proof of service has been filed. (ECF No. 5.) The Notice provides that the case may be dismissed unless proof of serve is filed by March 23, 2017. (*Id.*) On March 23, 2017, Plaintiff filed an *ex parte* motion for extension of time to issue the summons and serve process. (ECF No. 7.)

Fed. R. Civ. P. 4(m) provides that the court "must dismiss the action without prejudice against defendant or order that service be made within a specified time" if service was not effectuated within 90 days of the filing of the complaint. "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate time." Fed. R. Civ. P. 4(m). In addition, LR IA 6-1(a) provides that a request for extension made after the deadline has expired will not be granted unless the party requesting the extension demonstrates the failure to file the motion before the deadline expired was the result of excusable neglect.

Plaintiff's counsel cites several reasons for his failure to effectuate process and argues that dismissal would prejudice his client because of potential expiration of the statute of limitations. Counsel contends he was unaware of the amendment to Rule 4(m) which became effective on December 1, 2015, modifying the time allowed for service from 120 days to 90 days. (ECF No. 7 at 2.) Even accepting counsel's lack of the knowledge of the amendment to Rule 4(m), counsel was still not diligent in prosecuting this case. Based on the Court's calculation, the 120-day period would have expired on January 24, 2017. Counsel apparently waited until January 24, 2017, to request waiver of service by Defendants' counsel, who informed him of their decision to decline on the same day. (ECF No. 7-2.) Yet, Plaintiff's counsel apparently took no action to effectuate service of process. He continued to fail to do so even after the Notice was issued on February 21, 2017, or by the March 23, 2017, deadline given in the Notice. (ECF No. 5.) Counsel explains that he has been experiencing significant stress because of his representation of a defendant in the *Rand* criminal case. (ECF No. 7-1 at 2.) The Court's records reflect that Plaintiff's counsel represents Defendant Clint Mitchell Bloodworth in *United States v. Rand et. al.*, No. 3:16-cr-00029-MMD-WGC ("Rand Case"). However, Mr. Bloodworth entered a guilty plea on February 23, 2017, and the sentencing is scheduled for June 5, 2017. (*See* Rand Case, ECF No. 475.) The plea in that case would have presumably freed up counsel's schedule, yet counsel ignored the Notice and only filed the Motion, seeking an extension, on the deadline set in the Notice.

Under the circumstances here, the Court finds that Plaintiff has not demonstrated good cause for the failure to effectuate service. Nor has Plaintiff demonstrated that his request for extension months after the deadline expired was the result of excusable neglect. Plaintiff had known on the day that counsel erroneously thought was the deadline to effectuate service — January 24, 2017 — that Defendants would not waive service, yet he waited until two months and on the deadline set in the Notice for filing proof of service to ask for an extension of time to effectuate service. Even accepting counsel's explanation that he was overworked because of the Rand case, his client in that case

2

entered a plea on February 23, 2017, yet Plaintiff's counsel waited a month before filing the Motion.

Plaintiff argues that dismissal without prejudice would result in prejudice because Plaintiff had to file this action by September 29, 2016, which is presumably 90 days from the U.S. EEOC's issuance of the right to sue letter. (ECF No. 7 at 3.) While this may be the result, Plaintiff's counsel's conduct has caused significant delay, which would run contrary to the 90-day requirement for filing suit in the first place.

Plaintiff's *ex parte* motion for extension of time (ECF No. 7) is therefore denied. Pursuant to the Rule 4(m) Notice, claims against Defendants are dismissed without prejudice.

The Clerk is directed to close this case.

DATED THIS 4th day of April 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE